MARSHALLTOWN LIGHT, POWER & RAILWAY COMPANY et al., Appellants, v. A. H. WELKER, County Auditor, Appellee.

TAXATION: Capital Stock of Street Railways. Formula for determining the value of the capital stock of a street railway com-

pany "over and above" the value of the tangible property of the corporation: Determine the *total* value of such *stock* by giving due consideration, *inter alia*, to the value and earning power of the business, its debts, dividends, etc., and subtract therefrom the value of the tangible property as fixed by the assessor in an *unquestioned* assessment on such tangible property. (Secs. 1323, 1343, Code, 1897.)

*Appeal from Marshall District Court.*—CLARENCE NICHOLS, Judge.

JANUARY 12, 1916.

OPINION ON REHEARING, JANUARY 17, 1919.

THIS case is now before us for decision on rehearing. The material facts are recited in the opinion.—*Modified and affirmed.*

*Edwards, Longley, Ransier & Smith, Hasner & Hasner,* and *Binford & Farber,* for appellants.

*McCoy & McCoy,* and *C. H. Van Law,* for appellee.

PER CURIAM.—Plaintiff corporation owned, and, for several years prior to December 30, 1911, operated, a street railway, and also gas and electric light plants, in the city of Marshalltown. On the above-named date, the county auditor of Marshall County assessed the capital stock of said corporation as property omitted from taxation, and fixed the value thereof for that purpose at $150,000. The corporation and shareholders, after due notice, appeared by attorney and filed written protest against said assessment. Failing, however, in this proceeding, they appealed to the district court, where the action of the county auditor was affirmed, and all parties again appeal.

While plaintiffs contend that the assessment by the auditor was irregular, and not in conformity with the statute, the principal ground argued is that the assessment of $150,-000 against the shareholders is grossly excessive. Without

entering into a detailed discussion of plaintiff's contention
that the shares of stock were not legally assessed, it is prop-
er to say that, in our opinion, the requirements of the stat-
ute were substantially complied with by the auditor, and
that the only question involved upon this appeal, having
substantial merit, is that relating to the value of the stock
over and above the tangible property of the corporation.

It is conceded that all of the property owned or possess-
ed by the corporation which was taxable thereto under Sec-
tion 1343 of the Code was properly listed and assessed by
the assessor.  The valuation placed thereon by him was
$177,000, and all of its taxable property was included in
this estimate.  The capital stock of corporations engaged
in the management and operation of gas or electric light
plants and street railways is to be assessed, in accordance
with the provisions of Code Section 1323, at its actual value
above the property of such corporation referred to in Sec-
tion 1343, and required to be assessed to the corporation.
Within a comparatively short time before the assessment
complained of was made by the county auditor, plaintiff
corporation procured an expert to estimate the value of all
its tangible property.  The estimate fixed by him was $412,-
792.21, from which he deducted $82,400.87 for depreciation,
leaving a net estimated value of $320,253.71.  The net earn-
ings of the corporation for the year 1910 were $33,564.53.  It
is, therefore, manifest that the value placed by the assessor
upon the tangible property of the corporation is much too
low.  Within four months after the shares of stock were
assessed by the county auditor, plaintiff's entire plant was
sold for $400,000, the purchaser assuming bonded indebted-
ness thereon in the sum of $150,000, and paying $250,000
cash.  As affecting the value of the tangible property of the
corporation and the capital stock, counsel for appellant
argue that $20,000 was expended in improvements, after the
assessment was made and before the sale was consummated;

that plaintiff's franchise expired in 6½ years, and that it had been denied a renewal or extension thereof; that the sale of its property for $400,000 was consummated after the above improvements had been made and the purchaser had procured a new franchise for a long term of years, thereby greatly enhancing its value.

The par value of the capital stock was $300,000, but none of it had ever been sold upon the market, and its true value was difficult to ascertain. The president and secretary of the corporation testified that it was not worth to exceed 25 or 30 cents on the dollar. This estimate is manifestly too low. While the value of the stock was doubtless depreciated somewhat by the fact that the corporate franchise would expire within a comparatively short time, and that it had failed to secure a renewal or extension thereof, yet it may safely be assumed that the property and business of the corporation were, nevertheless, valuable, and that it was not probable that a franchise would ultimately be refused. The officers of the corporation were negotiating for the sale of the corporate property, and a purchaser had agreed to buy it if a franchise was obtained. The early expiration of plaintiff's franchise did not, therefore, probably cause very great depreciation in the value of the capital stock. The earnings of the corporation are shown for but a single year, and counsel for appellant argues that this evidence is of little value in determining the average earning power of the corporation; that its average income for a series of years should control. As this information was peculiarly within the knowledge of the officers of appellant, it is, perhaps, not unfair to assume that they did not believe a showing thereof would aid its contention. The corporation was a going concern, evidently earning and paying reasonable dividends, and sold, within a few months after its tangible property was listed for taxation at $177,000, at an advance of $223,000. It is difficult to believe that this ad-

vance was due entirely to the matters urged by counsel for appellant. The value of the tangible property fixed by the assessor is controlling, and should be deducted from the fair value of the capital stock. The result will be, the fair value of the stock "over and above" the value of all tangible property of the corporation. *Valley Inv. Co. v. Board of Review*, 152 Iowa 84.

It is urged by counsel for appellee that the indebtedness of the corporation cannot be deducted from the value of the stock for the purpose of taxation. This is undoubtedly true. *Wahkonsa Inv. Co. v. City of Ft. Dodge*, 125 Iowa 148; *Morril v. Bentley*, 150 Iowa 677. But it is also true that, in arriving at the value of its capital stock, where the corporate property consists exclusively of the real estate and other tangible property, the indebtedness must be taken into account in determining same. The market value of shares of stock, ordinarily at least, would be somewhat affected by the amount of indebtedness owing by the corporation, but not necessarily to the full amount thereof. The value of the business, its earning power, the size of its dividends, etc., must always be taken into consideration. *City Council of Marion v. Cedar Rapids & M. R. Co.*, 120 Iowa 259; *Lake City Elec. L. Co. v. McCrary*, 132 Iowa 624. But in this case, the corporate tangible property was all sold, and, after deducting the bonded indebtedness assumed by the purchaser, there was left a net cash value of $250,000, which would appear to fairly represent the value of the stock. Assuming the stock, therefore, to be worth $250,000, and deducting therefrom the value of the tangible property, as fixed by the assessor, we have $73,000, the value of the stock "over and above" the value of the physical property of the corporation. This may not be entirely accurate; but, based upon the evidence before us, it would seem to be a fair, equitable, and just valuation thereof, for the purpose of taxation. All of the facts upon which the assess-

ment was based by the auditor appear in the record. The judgment and decree of the court below should, therefore, be modified, and the assessment in question reduced to the above amount; and the cause is remanded to the district court for decree in harmony herewith.—*Modified and affirmed.*

All the Justices concur.