COUNTY OF GRAND FORKS, in the State of North Dakota, a Municipal Corporation, Appellant, v. CREAM OF WHEAT COMPANY, a Corporation, Respondent.

(170 N. W. 863.)

**Taxation — assessments of corporations and associations — market value of stock — due process of law — location of property — assessments — constitutional rights.**

Section 2110, Comp. Laws 1913, relating to taxation of domestic corporations and associations, provides that every such corporation and association shall be assessed for the amount which its paid-up capital stock (as determined by the market value thereof, if it has market value, and if it has no market value, then by its actual value) exceeds the aggregate of the values of the real and personal property owned, and the amount of the total indebtedness (except current expenses) owed, by such corporation or association.

*Held*, that an assessment against a domestic corporation under the rule prescribed by this section does not take the property of such corporation

---

NOTE.—For a discussion of the question of assessments of capital stock and corporate property in general, see notes in 58 L.R.A. 593, and 15 L.R.A.(N.S.) 952.

without due process, or deny to it the equal protection of the laws, even though all of its tangible property is located outside of the borders of the state.

*Held,* further, that such assessment does not infringe upon any rights guaranteed to such corporation by § 9, article 1, of the Federal Constitution, or by § 16 of the Constitution of North Dakota.

Opinion filed November 30, 1918.

From a judgment of the District Court of Grand Forks County, *Cooley,* J., plaintiff appeals.

Reversed.

*Geo. E. Wallace* and *O. B. Burtness,* for appellant.

The law which prescribes the time of review of taxation assessments gives all the notice required; and the proceedings by which the valuation is determined, although it may lead to the sale of the delinquent property for taxes, is due process. Merchants etc. Bank v. Pennsylvania, 167 U. S. 461, 42 L. ed. 236; Bell's Gap R. Co. v. Pennsylvania, 134 U. S. 232, 33 L. ed. 492; Spencer v. Merchant, 125 U. S. 345, 31 L. ed. 763; Palmer v. McMahon, 133 U. S. 660, 33 L. ed. 772; Lent v. Tillson, 140 U. S. 316, 35 L. ed. 419; Paulson v. Portland, 149 U. S. 30, 37 L. ed. 637.

The process of taxation does not require the same kind of notice as is required in a suit at law. Bell's Gap R. Co. v. Pennsylvania, 134 U. S. 232, 33 L. ed. 892; 4 Enc. U. S. Sup. Ct. Rep. 365, and note 5; Connolly v. Union Sewer Pipe Co. 184 U. S. 540, 46 L. ed. 679; Kidd v. Pearson, 128 U. S. 1, 32 L. ed. 346; Cook v. Marshall County, 196 U. S. 261, 49 L. ed. 471; Comstock v. Grand Rapids, 54 Mich. 641; First Nat. Bank v. St. Joseph, 46 Mich. 526; Smith v. Marshall Town, 86 Iowa, 516.

Greater latitude is permitted in the exercise of the taxing power than is accorded private suitors. 4 Enc. U. S. Sup. Ct. Rep. 365 and note 5; Connolly v. Union Sewer Pipe Co. 184 U. S. 540, 46 L. ed. 679; Kidd v. Pearson, 128 U. S. 1, 32 L. ed. 346; Cook v. Marshall County, 196 U. S. 261, 49 L. ed. 471.

Failure to appear before the board of review of assessments estops a taxpayer to complain. Comstock v. Grand Rapids, 55 Mich. 641; First Nat. Bank v. St. Joseph, 46 Mich. 526; Smith v. Marshall Town,

86 Iowa, 516; Swenson v. McLaren, 2 Tex. App. 331, 21 S. W. 300; Mortz v. Detroit, 18 Mich. 496; Republican Ins. Co. v. Pollak, 75 Ill. 300.

Unless restrained by constitutional provisions, the power of the state in matters of taxation is unlimited. Elevator Co. v. Traill County, 9 N. D. 216; 37 Cyc. 737; Spencer v. People, 68 Ill. 510; Kirkpatrick v. New Brunswick, 40 N. J. E. 46; Florida R. Co. v. Reynolds, 46 L. ed. 283; Bell's Gap R. Co. v. Pennsylvania, 134 U. S. 232, 33 L. ed. 892; Michigan R. Tax Cases, 138 Fed. 236, affirmed in 201 U. S. 246, 50 L. ed. 744.

Regardless of the arbitrary selection and discrimination, when all persons in the same class are treated alike, taxation measures will be upheld by the courts. People ex rel. v. Reardon, 184 N. Y. 43, 8 L.R.A.(N.S.) 314, 77 N. E. 970; Re McPherson, 104 N. Y. 306, 10 N. E. 685; Re Gould, 156 N. Y. 423, 51 N. E. 287; Kentucky R. Cases, 115 U. S. 321, 29 L. ed. 414; Magoun v. Bank, 170 U. S. 283, 42 L. ed. 1037; Hayes v. Missouri, 120 U. S. 68, 30 L. ed. 578; Barbier v. Connolly, 113 U. S. 27, 28 L. ed. 923; 1 Cooley, Taxn. 3d ed. 260; Michigan C. R. Co. v. Powers, 210 U. S. 245, 301; Home Ins. Co. v. New York, 134 U. S. 594, 33 L. ed. 1025.

Where taxes on franchises are privilege taxes, the rule requiring uniformity does not apply. Phœnix Carpet Co. v. State, 118 Ala. 143, 22 So. 627; Phœnix Assur. Co. v. Fire Dept. 117 Ala. 631, 42 L.R.A. 468, 23 So. 843; Bank v. Worrell, 67 Miss. 47, 7 So. 219; Scottish Union etc. Co. v. Herriott, 109 Iowa, 606, 80 N. W. 665; Southern etc. Asso. v. Norman, 98 Ky. 294, 31 L.R.A. 41, 32 S. W. 952; State v. Fosdick, 21 La. Ann. 434; Portland Bank v. Apthorp, 12 Mass. 252; Connecticut etc. Co. v. Com. 133 Mass. 161; Com. v. Bank, 5 Allen, 428; State v. Ry. Co. 45 Md. 361, 24 Am. St. Rep. 511; State v. Telegraph Co. 73 Me. 518; State v. Railway Co. 74 Me. 376; Boston etc. Co. v. State, 62 N. H. 648; Standard etc. Cable Co. v. Atty. Gen. 46 N. J. Eq. 270, 19 Atl. 733; Trenton Sav. Fund v. Richards, 52 N. J. L. 156, 18 Atl. 582; Southern Gum Co. v. Laylin, 66 Ohio St. 578, 64 N. E. 564; Western etc. Tel. Co. v. Mayer, 28 Ohio St. 537.

A corporate franchise is taxable. Comp. Laws 1913, § 2110; 37 Cyc. 816, 817; Bank v. California, 142 Cal. 276, 100 Am. St. Rep.

130, 64 L.R.A. 918, 75 Pac. 832; Spring Valley Waterworks v. Schottler, 52 Cal. 69; Horn Silver Min. Co. v. New York, 143 N. Y. 305, 36 L. ed. 164; Central P. R. Co. v. California, 162 U. S. 91, 40 L. ed. 913; Southern Gum Co. v. Lyalin, 66 Ohio St. 578, 64 N. E. 564; State ex rel. Milwaukee Street R. Co. v. Anderson, 90 Wis. 550, 63 N. W. 746; Home Ins. Co. v. New York, 134 U. S. 594, 33 L. ed. 1025; State R. Tax Cases, 92 U. S. 575, 23 L. ed. 663; 2 Morawetz, Priv. Corp. 3922; Maine v. Grand Trunk R. Co. 142 U. S. 217, 35 L. ed. 994; Horn S. M. Co. v. New York, 143 U. S. 325; Hamilton Co. v. Massachusetts, 6 Wall. 632, 638, 18 L. ed. 904; Central P. R. Co. v. California, 162 U. S. 91, 125; Cooley, Taxn. 3d ed. p. 686; People ex rel. v. Tax Comrs. 196 N. Y. 39; Bank of California v. San Francisco, 142 Cal. 276, 100 Am. St. Rep. 130, 75 Pac. 832; Commercial etc. Power Co. v. Judson, 21 Wash. 49, 57 L.R.A. 78.

The party assailing an assessment must show that the method by which the assessors arrived at the assessment was wrong, and that it does not represent the fair value of the property. People v. Commissioners, 99 N. Y. 154; People v. Commissioners, 104 N. Y. 240; People v. Wells, 184 N. Y. 275; Gray, Limitations of Taxing Power, p. 34; Maine v. Grand Trunk R. Co. 142 U. S. 217, 35 L. ed. 994; Carbon Iron Co. v. Carbon Co. 39 Pa. 251; Phœnix Iron Co. v. Com. 59 Pa. 104; State v. Philadelphia etc. R. Co. 45 Md. 361; Cumberland etc. R. Co. v. State, 92 Md. 668.

*Brown & Gussner, Harry S. Carson,* and *Murphy & Toner,* for respondent.

The franchises of these corporations were not intended to be made subject to taxation as a separate item of personal property. Comp. Laws 1913, §§ 1524, 1530; Henderson v. Com. 99 Ky. 623, 31 S. W. 486; State v. Duluth Gas & Water Co. 76 Minn. 103.

The personal property of a corporation is assessed and also its capital stock; there is no franchise tax in North Dakota. Beale, Taxn. of Corporations both Foreign & Domestic, § 546.

A tax on the value of the capital stock of a corporation is a tax on the property in which that capital is invested, and no tax can be levied which includes property which is otherwise exempt. Joyce, Franchises, 1909, § 424, p. 752; Bank of Commerce v. New York, 2 Black, 620; Bank Tax Case, 2 Wall. 200; Pullman's Car Co. v. Pennsylvania,

141 U. S. 18, 25; Fargo v. Hart, 193 U. S. 490, 498; Com. v. Standard Oil Co. 101 Pa. 145; Fox's Appeal, 112 Pa. 337; Merchants Ins. Co. v. Newark, 54 N. J. L. 138; Newark City Bank v. Assessor, 30 N. J. L. 13; State v. Haight, 35 N. J. L. 279; Nichols v. New Haven & N. Co. 42 Conn. 103; State v. Stonewall Ins. Co. 89 Ala. 335; Com. v. American Waterworks & G. Co. 8 Pa. 268.

A tax on the value of the capital stock of a corporation is a property tax, and not a franchise tax. A state cannot tax property beyond its borders, nor attain the same end by taxing the entranced value of the stock of a corporation when the property lies permanently beyond its borders. Delaware, L. etc. R. Co. v. Pennsylvania, 198 U. S. 341; Brown v. Houston, 114 U. S. 622; Com. v. Standard Oil Co. 101 Pa. 145; Fox's Appeal, 112 Pa. 337; Com. v. Delaware etc. R. Co. 165 Pa. 44; Bank of Commerce v. New York, 2 Black, 620; Bank Tax Case, 2 Wall. 200; Pullman's Car Co. v. Pennsylvania, 141 U. S. 18, 25; Fargo v. Hart, 193 U. S. 490, 498, 499; Adams Exp. Co. v. Ohio, 165 U. S. 194, 166 U. S. 185; Western U. Teleg. Co. v. Massachusetts, 125 U. S. 530; Massachusetts v. Western U. Teleg. Co. 141 U. S. 40; Maine v. Grand Trunk R. Co. 142 U. S. 217; Pittsburgh, C. etc. R. Co. v. Backus, 154 U. S. 421; Cleveland, C. etc. R. Co. v. Backus, 154 U. S. 439; Western U. Teleg. Co. v. Taggart, 163 U. S. 1; Pullman's Palace Car Co. v. Pennsylvania, 141 U. S. 18; Louisville etc. Ferry Co. v. Kentucky, 188 U. S. 385; Com. v. West India Oil Ref. Co. 138 Ky. 828, 129 S. W. 301.

Section 2110, Comp. Laws 1913, provides the only method of taxing intangible property. State v. Duluth Gas & Water Co. 76 Minn. 96; State v. Leech, 33 N. D. 513, 157 N. W. 492.

CHRISTIANSON, J. This is an action by the county of Grand Forks to recover from the defendant certain alleged delinquent personal property taxes for the years 1908 to 1914, both inclusive. The complaint alleges that the defendant is, and at all times therein mentioned was, a corporation organized under the laws of the state of North Dakota, with its principal place of business at the city of Grand Forks, in said Grand Forks county. And that in the year 1914 the county auditor under the direction of the state tax commission duly assessed certain property situated in said city of Grand Forks, to wit, "bonds and stocks"

for the years 1908, 1909, 1910, 1911, 1912, and 1913, as property having escaped taxation; that such property, during each of the said years, had been the property of the defendant and had not been assessed; that such assessment was thereafter equalized by the board of equalization of the county and later by the state board of equalization; that such taxes were duly entered by the county auditor and by him extended upon the tax lists of said county against the personal property of the defendant for each of said years at the same rate and for all the purposes for which taxes were levied upon property in said Grand Forks county in each of said years. It is further alleged that such personal property was duly assessed by the city assessor in the year 1914, and such assessment duly reviewed and equalized as provided by law. The complaint also shows that the action was brought pursuant to a resolution of the county commissioners directing its institution.

The defendant in its answer admits that certain assessments as alleged in the complaint were attempted to be made, but it denies the validity thereof and sets up various defects and irregularities in the proceedings culminating in the assessments for the respective years. It also avers that during none of the years did it own or possess any property whatsoever, subject to taxation in the state of North Dakota. In that connection it is alleged that the defendant's business during all of said time consisted in the manufacture and sale of a breakfast food, commonly known as "Cream of Wheat." And that prior to 1908, it duly complied with the laws of the state of Minnesota relating to foreign corporations, and obtained a license to do business in said state, and that since 1908 and prior thereto, the defendant has continuously maintained its factory and sales office in the city of Minneapolis, in the state of Minnesota, and has maintained no factory or sales office at any other place; and that it at no time during the years in question had or owned any real or personal property subject to taxation in the state of North Dakota. The case was tried to the court without a jury. The trial court resolved all questions raised with respect to the defects and irregularities in the various assessments in favor of the plaintiff, but ordered judgment in favor of the defendant for a dismissal of the action, for the reason that it had no property subject to taxation within the state of North Dakota. The plaintiff

has appealed from the judgment, and asks for a review of certain specified questions of fact.

The controlling facts in this case are not in dispute. The defendant is a corporation organized under the laws of the state of North Dakota. It was organized for the purpose, and its business consists, of manufacturing and marketing a cereal known as "Cream of Wheat." It has an authorized capital stock of $50,000. The city of Grand Forks was designated in the articles of incorporation as its principal place of business. The defendant has qualified under the laws of Minnesota relating to foreign corporations, and obtained a license to transact business in such state, and has established and maintains its factory and sales office in the city of Minneapolis, in the state of Minnesota. The tangible property of the defendant, both real and personal, situated in Minnesota and other states, was assessed during the years in question, and the defendant paid the taxes assessed. The defendant has during all of the time maintained its existence as a corporation organized under the laws of this state, and has kept and maintained continuously a public office in the city of Grand Forks in this state for the transaction of its usual and corporate business.

The trial court found and the plaintiff admits that the assessments involved in this litigation were made under § 2110, Compiled Laws 1913, which provides: "The president, secretary, or principal accounting officer of any company or association, whether incorporated or unincorporated except banking corporations whose taxation is especially provided for in this article, shall make out and deliver to the assessor a sworn statement of the amount of its capital stock, setting forth particularly:

"1. The name and location of the company and association.

"2. The amount of capital stock authorized and the number of shares into which said capital stock is divided.

"3. The amount of capital stock paid up.

"4. The market value, or if they have no market value, then the actual value of the shares of the stock.

"5. The total amount of all indebtedness except the indebtedness of current expenses, excluding from such expenses the amount paid for purchase or improvement of property.

"6. The value of all real property, if any.

"7. The value of its personal property.

"The aggregate amount of the fifth, sixth and seventh items shall be deducted from the total amount of the fourth, and the remainder, if any, shall be listed as 'bonds or stocks,' under subdivision 33 of § 2103. The real and personal property of each company or association shall be listed and assessed the same as other real and personal property. In all cases of failure or refusal of any person, officer, company or association to make such return or statement, it shall be the duty of the assessor to make such return or statement from the best information he can obtain." Section 2103, referred to in § 2110, supra, relates to the valuation by the assessor of personal property listed for taxation, and enumerated 27 items or classes of property to be listed and valued. Among the items enumerated are bonds and shares of capital stock of companies and associations.

"The preceding section,—§ 2102,—provides that "every person required by this chapter to list property shall, when called upon by the assessor, make out and deliver to the assessor a statement verified by oath, of all the personal property in his possession or under his control, . . .; but *no person shall be required to include in his statement any share or portion of the capital stock or property of any company or corporation which such company or corporation is required to list or return as its capital or property for taxation in this state.*"

It is undisputed that the defendant has not paid any tax whatever upon its corporate stock, or at all, in this state during the years in question. And there is no contention that the element of value or intangible property enumerated as taxable under § 2110, supra, has been assessed in any other state. Neither is there any contention, nor did the defendant make any showing upon the trial, that the assessments made against it in this state for the years in question in any manner exceeded the amounts which should have been assessed against it under the rule prescribed by § 2110, supra. The defendant, however, asserts that inasmuch as all of its tangible property is located beyond the borders of North Dakota, the intangible property owned by it is not subject to taxation in North Dakota; and that the defendant cannot be subjected to taxation under § 2110, supra, without violating the rights guaranteed to it by § 9, article 1, of the Federal Constitution, and § 1 of the 14th Amendment, and §§ 13 and 16 of the North Dakota Constitution.

41 N. D.—22.

In our opinion defendant's contentions cannot be sustained. The provisions of our state Constitution recognize all property as taxable, except that specifically exempted. N. D. Const. §§ 174–176. The legislature is directed to exempt certain classes of property from taxation, but until it has acted such property is subject to taxation, for this provision in the Constitution is not self-executing. Engstad v. Grand Forks County, 10 N. D. 54, 84 N. W. 577. Section 2110 was adopted as a part of chapter 126, Laws 1897. The avowed purpose of that statute was to provide for a general system of taxation. It provided that "all property subject to taxation shall be listed and assessed every year, at its value." Compiled Laws 1913, § 2093. It also provided that "the capital stock and franchises . . . of corporations . . . shall be listed in the county, town or district where the principal office or place of business of such corporation . . . is located in this state." Comp. Laws 1913, § 2095. The specific purpose of § 2110 was to prescribe the rule to be applied in the taxation of such companies or corporations domiciled in this state, as were not provided for by other provisions of law. The essential features of the section under consideration were adopted from Minnesota. In considering its purpose and effect, the supreme court of Minnesota, speaking through Judge Mitchell, said: "Without stopping to discuss at length the whole scheme of taxation provided in our tax laws, an analysis and comparison of its various provisions satisfy us that the legislature intended Gen. Stat. 1894, § 1530, to be the exclusive method of listing and taxing the property of all corporations and companies falling within the purview of that section. That section nowhere provides for the listing and taxation of corporate franchises as such, as a separate and distinct item of personal property. The method there provided for is the very common and most equitable and efficient one,—of reaching the franchises and other intangible property for purposes of taxation through the capital stock. The 'capital stock' (using the term in the sense in which it is evidently used in this section) is, as has been said, 'a business photograph of all the corporate possessions and possibilities,' and represents its business opportunities and capacities as well as its tangible assets. They enter into, and go to make up, the value of the stock. It is well settled that those franchises, although neither visible nor tangible are prop-

erty which may be taxed the same as any other property. Hence a very common method of taxing corporations and stock companies is to list and assess all their tangible property, real and personal, the same as the like property of other persons is listed and assessed, and also list and assess the capital stock at its actual or market value, less the value of its tangible real and personal property otherwise specifically listed and assessed. This system reaches every element of property value owned by the corporation, and at the same time avoids double taxation." State v. Duluth Gas & Water Co. 76 Minn. 103, 57 L.R.A. 63, 78 N. W. 1033.

That such intangible property may be subjected to a property tax has been held by the highest court in the land. In the Adams Exp. Co. Case, 166 U. S. 185, 219–225, 41 L. ed. 965, 977–979, 17 Sup. Ct. Rep. 604, the United States Supreme Court, speaking through Mr. Justice Brewer, said: "In the complex civilization of to-day a large portion of the wealth of a community consists in intangible property, and there is nothing in the nature of things or in the limitations of the Federal Constitution which restrains a state from taxing at its real value such intangible property. . . . To ignore this intangible property, or to hold that it is not subject to taxation at its accepted value, is to eliminate from the reach of the taxing power a large portion of the wealth of the country. . . . To say that there can be no such intangible property, that it is something of value, is to insult the common intelligence of every man. . . . Now, it is a cardinal rule which should never be forgotten that whatever property is worth for the purposes of income and sale it is also worth for purposes of taxation. . . . Substance of right demands whatever be the real value of any property, that value may be accepted by the state for purpose of taxation, and this ought not to be evaded by any mere confusion of words. . . . The value which property bears in the market, the amount for which its stock can be bought and sold, is the real value. Business men do not pay cash for property in moonshine or dreamland. They buy and pay for that which is of value in its power to produce income, or for purposes of sale."

While a tax assessed under § 2110, supra, is in form a property tax, it is intended to reach, among other things, the primary corporate franchise granted to it by the state, and as to that it is in substance

or effect, to some degree at least, a tax upon the privilege of being a corporation. We do not, however, deem it necessary to enter into any discussion with regard to the name by which the tax is or ought to be designated. The question is one as to power of the legislature to pro- vide for the imposition of the tax under the conditions prescribed, rather than the method selected. For "if the tax purports to be laid upon a subject within the taxing power of the state, it is not to be condemned by the application of any artificial rule, but only where the conclusion is required that its necessary operation and effect is to make it a prohibited exaction." Kansas City, Ft. S. & M. R. Co. v. Botkin, 240 U. S. 227, 233, 60 L. ed. 617, 619, 36 Sup. Ct. Rep. 261.

Section 2110 was part of the laws of this state at the time the de- fendant corporation was organized and its charter issued. The sec- tion has remained a part of our laws since its adoption. The defendant applied for and received its charter with knowledge of its provisions. It knew that a general corporation organized under the laws of this state was subjected to a tax upon its intangibles,—including the privi- lege granted to it by the state of being a corporation,—as prescribed by said section. "Undoubtedly," said Mr. Justice Hughes, speaking for the United States Supreme Court (Hawley v. Malden, 232 U. S. 112, 58 L. ed. 477, 482, 34 Sup. Ct. Rep. 201, Ann. Cas. 1916C, 842), "the state in which a corporation is organized may provide, in creating it, for the taxation in that state of all its shares whether owned by residents or nonresidents. Corry v. Baltimore, 196 U. S. 466, 49 L. ed. 556, 25 Sup. Ct. Rep. 297. This is by virtue of the authority of the creating state to determine the basis of organization and the liabilities of shareholders. Id. 476, 477; Hannis Distilling Co. v. Baltimore, 216 U. S. 285, 293, 294, 54 L. ed. 482, 485, 486, 30 Sup. Ct. Rep. 326. So, by reason of its dominant power to provide for the organization and conduct of national banks, Congress has fixed the places at which alone shares in these institutions may be taxed." Rogers v. Hennepin County, 240 U. S. 184, 60 L. ed. 594, 36 Sup. Ct. Rep. 265. See also 37 Cyc. 961.

Defendant places great reliance upon the decision of the United States Supreme Court in Delaware, L. & W. R. Co. v. Pennsylvania, 198 U. S. 341, 49 L. ed. 1077, 25 Sup. Ct. Rep. 669, and contends that under the rule announced therein the taxation of defendant under

the provisions of § 2110, supra, constitutes a taking of its property without due process of law. The situation presented in the case cited was radically different from that presented in the case at bar. In the case cited there was included in the valuation of the property sought to be assessed in Pennsylvania the value of tangible property located permanently outside of that state. So, the effect of the assessment was to compel the railroad company to pay taxes in Pennsylvania upon tangible property located beyond the borders of that state. But that condition cannot possibly occur under § 2110, supra. That section specifically provides that the value of all real and personal property of the corporation shall be deducted from the value of the capital stock. Hence, the very situation which the court held to be fatal to the tax in the Delaware Case is guarded against by the express provisions of the statute under consideration. In this connection it should be noticed that the Supreme Court of the United States has expressly said that the Delaware Railroad Company Case is not applicable to a tax on intangible personal property, or even to a tax on tangible personal property, which has not acquired an actual situs. In speaking of the Delaware Railroad Case and certain other decisions cited by the defendant in this case, in Hawley v. Malden, 232 U. S. 1, 11, 58 L. ed. 477, 482, 34 Sup. Ct. Rep. 201, Ann. Cas. 1916C, 842, the court said: "But these decisions did not involve the question of the taxation of intangible personal property; . . . nor do they apply to tangible personal property which, although physically outside the state of the owner's domicil, has not acquired an actual situs elsewhere. Southern P. Co. v. Kentucky, 222 U. S. 63, 68, 56 L. ed. 96, 98, 32 Sup. Ct. Rep. 13. When we are dealing with the intangible interest of the shareholder, there is manifestly no question of physical situs, so far as this distinct property right is concerned, and the jurisdiction to tax it is not dependent upon the location of the lands and chattels of the corporation." In the Southern P. Co. Case, the court said: "To say that the protection which the corporation receives from the state of its origin and domicil affords no basis for imposing taxes upon tangibles which have not acquired an actual situs under some other jurisdiction is not supportable upon grounds of either abstract justice or concrete law." 222 U. S. 76.

It should be remembered that we are not dealing with a corpora-

tion organized to carry on a business of itself interstate commerce, and whose property, while situated in several states, in reality forms but one unit. (But even as to this class of corporations the United States Supreme Court has held that where one of such corporations voluntarily invokes the laws of a state and receives a grant of corporate existence, it cannot subsequently complain of the mode in which a tax, imposed upon it in accordance with the laws in force at the time it applied for and received its franchise, is measured. Kansas City, M. & B. R. Co. v. Stiles, 242 U. S. 111, 61 L. ed. 176, 37 Sup. Ct. Rep. 58.) But in the case at bar, we are dealing with a corporation organized for a purpose not of itself interstate commerce. We are dealing with an artificial being which was created, and now exists and exercises its powers, by virtue of the laws of this state, and which by the very law of its creation became a citizen of this state (222 U. S. 76), and from the inherent law of its nature cannot emigrate and become a citizen elsewhere. 222 U. S. 71. The nature and purpose of defendant's business is discussed in Great Atlantic & P. Co. v. Cream of Wheat Co. 224 Fed. 566. From what is there stated it is evident that the value of defendant's corporate stock depends largely upon its intangible property. It is a matter of common knowledge that the corporate stock in the defendant company is quite valuable. As already stated there is no contention that the assessments made, in fact, exceed the amounts which would have been properly assessable against it during the years in question under the rule provided by § 2110, supra. The defendant company appeared and filed protests against the assessments before the boards of equalization of the city of Grand Forks, and of the county of Grand Forks, but in neither of such protests did it attempt to show that the assessments were excessive under § 2110. The defendant has taken the position throughout that it is not liable to taxation in this state, and that it is beyond the power of our taxing officials to make any assessment against it under said section, or at all.

The defendant, also, makes the point that the evidence shows that it had no bonds and stocks, and hence that an assessment for such property cannot be sustained. It is true the defendant had no stocks and bonds of other companies. But the legislature merely provided that the value of defendant's corporate stock as determined under § 2110

should be inserted under this item in the assessment list. This is purely an administrative matter, and within the sphere of legislative control. See Rogers v. Hennepin County, 240 U. S. 184, 190, 60 L. ed. 594, 598, 36 Sup. Ct. Rep. 265.

We are of the opinion that the defendant was subject to taxation in this state, and that the assessment of taxes against it under the rule prescribed by § 2110 did not amount to a taking of its property without due process or deny to it the equal protection of the laws, neither did it infringe any other constitutional rights guaranteed to it by the constitutional provisions which it has invoked. If there is any constitutional objection to the rule prescribed by § 2110, supra, it is that it operates as a discrimination in defendant's favor. See State v. Duluth Gas & Water Co. 76 Minn. 96, 57 L.R.A. 63, 78 N. W. 1032.

As already stated the trial court resolved all questions relating to the alleged defects and irregularities in the assessments in plaintiff's favor. The trial court so stated in a memorandum decision which it filed in the case. In its findings, however, the court found that the assessments for the years 1908 to 1913, both inclusive, were directly made by the tax commission. This finding we believe to be erroneous. While the evidence shows that the tax commission advised that the assessment be made, it also shows that the assessments were in fact made and entered and reviewed by the officers whose duty it was to do so. It has not been shown that the assessments are in any manner fraudulent or excessive.

It follows from what has been said that the judgment appealed from must be reversed, and judgment entered in favor of the plaintiff for the taxes involved herein. It is so ordered.

GRACE, J. I concur in the result.

ROBINSON, J. (dissenting). This is an action by the county of Grand Forks to recover from the defendant about $30,000 back taxes for the years 1906 to 1914, inclusive, on property that escaped taxation in those years.

The complaint avers that in 1914, under the direction of the tax commissioners, the county auditor of Grand Forks county duly assessed certain personal property situated in the city and county of Grand

Forks, to wit, *bonds and stocks,* for said years, as property having escaped taxation; that all of such personal property was then and there and had during each of said years been the property of the defendant and had not been assessed or taxed during any of said years. That such assessment was duly equalized by the boards of equalization and duly entered and extended on the tax list of said county against the personal property of the defendant. That during the year 1914 the city assessor of Grand Forks duly assessed for that year certain personal property of the defendant, in the city of Grand Forks, to wit, stocks and bonds, and the same was duly equalized and taxes extended against the same to the amount of $3,180; and that the county commissioners duly passed a resolution to bring suit for the collection of such taxes.

The answer amounts to a general denial, and it avers that in said several years the defendant had no property in the city or county of Grand Forks, and that during said years it did not own stocks or bonds of any kind.

On all points of law and fact the trial court found against the plaintiff, and it appeals to this court.

The lengthy brief of counsel for plaintiff is swollen with needless citations and quotations from the courts of other states, and with points quite immaterial. For instance, it is contended that the tax in question is not really a property tax, as alleged in the complaint, but that it is a franchise tax, or a tax on the very existence of the corporation, because it is a corporation of this state,—and numerous authorities are cited to show that states may levy such a franchise tax. To all that the answer is that the complaint does not count on a corporate franchise tax, and such a tax is unknown to the laws of this state. To secure its corporate existence in accordance with the laws of the state, defendant paid to the state the requisite fee of $50, and now it is contended that the state may tax its existence to the amount of three or four thousand dollars a year. But the state is not in that kind of business. The plaintiff brings this action to recover a judgment for the alleged taxes of seven years on personal property that escaped taxation. Of course, in such an action, the plaintiff has the burden of proof. The plaintiff must show the existence of property within the taxing jurisdiction, an assessment of the property in the manner

prescribed by law, a levy of the several taxes in pursuance of law. Const. § 175. Property must be assessed in the county, city, township, town, village, or district in which it is situated, *in the manner prescribed by law.* Const. § 179. The tax must be levied in pursuance of law on all property according to its value in money. Const. §§ 175, 176. The plaintiff has shown no compliance with these constitutional prerequisites to a valid tax, and it has been shown beyond dispute that in said several years the defendant did not have property to the amount of $50, or even $1, within the taxing jurisdiction, and that it was not the owner of any stocks or bonds, either in Grand Forks county or elsewhere. *The assessment is simply against "stocks and bonds," without any description of the same. If this refers to stocks or bonds of any party other than the defendant, the testimony shows that plaintiff never purchased or owned any such securities. If it refers to stocks and bonds issued and sold in the name of the defendant company, that is a liability, and not an asset. A company does not own the thing it sells.* It may own blank forms of stock certificates, with authority to sell the same, but until a sale is actually made, the blank forms have no more force or effect than blank promissory notes. In a case of this kind, where a suit is brought to recover a judgment for taxes, the plaintiff must aver and prove facts sufficient to constitute a cause of action. In this case there is no such proof. There was no assessment, no property to assess, and there is no evidence showing the levy of any taxes. There is no occasion for a long story on or a speculative discussion of things which may have been. That which does not appear to exist is to be regarded as if it did not exist. § 7264.