KOOCHICHING COMPANY, Appellee, v. J. W. MITCHELL et al., Appellants.

J. W. MITCHELL, County Treasurer, et al., Appellants, v. KOOCHICHING COMPANY, Appellee.

**APPEAL AND ERROR:** Review—Questions of Fact, Verdicts, and 1  Findings—Affirmance of Decree When Sustainable on Any Ground. Where a decree setting aside a tax assessment does not indicate the particular ground upon which the trial court held it to be invalid, it will be affirmed, if it is sustainable on any ground.

**TAXATION:** Corporate Stock—Place of Assessment. Shares of 2  stock of any corporation organized under the laws of this state are, under Sec. 1323, Code, 1897, taxable in this state, notwithstanding that its capital may be wholly invested outside of this state and all of its business transacted in a foreign jurisdiction, and its stockholders all nonresidents.

**CORPORATIONS:** Capital, Stock, and Dividends—Taxation of 3  Stock. The right to incorporate and acquire the powers and privileges of a private corporation is purely statutory; and, Sec. 1323, Code, 1897, having provided that the stock of any corporation organized under the laws of this state shall be assessed against the owners thereof at its principal place of business, which place of business is required by law to be designated in

the articles of incorporation, a corporation of this state cannot escape such taxes, or say that the statutory duty required to be performed at that place in this state can be avoided, because said corporation has chosen to invest its money and to exercise its principal corporate powers in another state.

TAXATION: Corporations—Principal Place of Business—Situs for
4 Taxation. The laws of this state require that every corporation shall designate in its articles its principal place of business in this state; and, such a corporation having fixed such a place in its articles, that place becomes the place where its shares of stock are to be taxed, and a stockholder takes his stock with notice of that condition, and subject to that burden.

TAXATION: Corporate Stock—Assessed Value of Real Estate to be
5 Deducted. Under Sec. 1323, Code, 1897, providing that, in taxing corporation shares of stock, the amount of capital actually invested in real estate, either in this state or elsewhere, is to be deducted from the real value of such shares, said shares of stock are only taxable to the extent of their excess in real value over and above the amount of capital invested in real estate, as indicated by the value at which said real estate is assessed for taxation.

APPEAL AND ERROR: Review—Questions of Fact, Verdicts, and
6 Findings—Finding Has Effect of Verdict. In an action tried to the court, its finding, if it has substantial evidence upon which it can be sustained, has the effect of a verdict, and concludes the Supreme Court upon fact questions.

TAXATION: Corporate Stock—Value of Real Estate. Evidence re-
7 viewed, and held insufficient to show that the value of corporate stock of an Iowa corporation exceeded the value of land owned by the corporation in Minnesota and assessed in that state, and therefore a tax levy under Sec. 1323, Code, 1897, on said corporate stock could not be sustained.

*Appeal from Pottawattamie District Court.*—O. D. WHEELER, Judge.

JULY 10, 1919.

THE county treasurer and county auditor of Pottawattamie county having entered a tax against the Koochiching Company and its stockholders on the alleged taxable value

VOL. 186 IA.—77.

of the shares of stock in said corporation, the company ap-
pealed therefrom to the district court, which found for the
company, and set aside the assessment.  Pending said pro-
ceeding in the district court, the treasurer brought an ac-
tion at law against the company to recover taxes for other
years on the same stock.  The trial court found for the
company also on this issue, and the appeals will be dis-
posed of by us in a single opinion.—*Affirmed.*

   *McCoy & McCoy* and *Addison G. Kistle,* for appellant.

   *Jacob Sims* and *W. H. Killpack,* for appellee.

   PER CURIAM.—I.  The corporation in question was
organized under the laws of this state at Council Bluffs, and
its articles of corporation designate that city as its prin-
cipal place of business.  Its articles are not embodied in
the record, but it appears without controversy that the or-
ganization was promoted and effected for the purpose of
purchasing land at International Falls, in northern Minne-
sota, and subdividing the same into smaller parcels or lots,
on which it was hoped to develop a city or town of im-
portance.  The authorized capital is said to be $1,000,000,
of which sum stock to the par value of $463,000 has been
issued.  On the theory that these shares of stock were tax-
able at Council Bluffs, the county treasurer, finding that
they had not been listed for taxation, assessed the same to
the corporation, and entered thereon the taxes now in con-
troversy.

   The corporation, claiming that such action was un-
authorized, objected to the assessment, alleging that its
entire capital had been and was then invested in real estate
in Minnesota, in which form of property it had been duly
assessed each year, and the taxes thereon duly paid; and
that, aside from such real estate, it had no other property
of substantial value, except certain shares of stock in a
Minnesota corporation which had been formed for the pur-

pose of making certain improvements at said town of International Falls. It was further shown' that the company's moneys and credits were, at all times, considerably less than its bona-fide indebtedness.

The appeal from the assessment having been taken, the company filed a petition restating its objections thereto, and further contending that the assessment was void because the corporation at no time had any property or assets of value in this state; that it has never done any business in this state, except to hold its stockholders' meeting at Council Bluffs; and that, with the exception of five shares, all of its stock is held and owned by residents of other states, and is, therefore, not taxable in this jurisdiction.

Except the testimony of an officer of the company, who estimates the actual value of its stock at not to exceed $150,000, no evidence was offered to show such value, except as it may be drawn as a matter of inference or argument from certain other testimony concerning its assets and liabilities. The witness says he has no knowledge of any share or shares of the stock's being bought or sold since the year 1905, and that in this sense it has no market value; nor is this in any manner disputed. He further shows that the entire holding of land, constituting the only property or resource giving the stock any actual value, during the period covered by these taxes, has been not to exceed a sum varying from $200,000 to $275,000; and that, during all the same period, the bona-fide corporate indebtedness has been from $162,000 to $195,000.

The taxes assessed by the treasurer against the corporation were levied upon the basis of a taxable valuation of $100,000 for its shares of stock.

The decree setting aside these assessments does not indicate the particular ground or grounds upon which the

trial court held them to be invalid; but, if the finding be sustainable on any ground, it is, of course, to be affirmed.

1. APPEAL AND ERROR: review: questions of fact, verdicts, and findings: affirmance of decree when sustainable on any ground.

II. The statute which the appellant relies upon for authority to assess the stock, without regard to the residence of the stockholders, is found in Code Section 1323, which reads as follows:

"Sec. 1323. The shares of stock of any corporation organized under the laws of this state, except those which are not organized for pecuniary profit, and except corporations otherwise provided for in this act,

2. TAXATION: corporate stock: place of assessment.

shall be assessed to the owners thereof, at the place where its principal business is transacted, the assessment to be on the value of such shares on the first day of January in each year; but in arriving at the total value of the shares of stock of such corporations, the amount of their capital actually invested in real estate owned by them, either in this state or elsewhere, shall be deducted from the real value of such shares, and such real estate shall be assessed as other real estate, and the property of such corporation, except real estate situated within the state, shall not be otherwise assessed."

It is the contention of appellant that this statute has no effect to make the shares of stock in this company taxable in Iowa, because the capital is wholly invested outside of the state, its shareholders are nonresidents, and all its business is transacted in a foreign jurisdiction. This proposition, we think, is unsound; and if no better reason existed for sustaining the judgment below, we should be compelled to reverse it.

The right to incorporate, and acquire the powers and privileges of a private corporation, is purely statutory, and

it is certainly competent for the legislature to prescribe the conditions upon which such right may be exercised. The statute quoted prescribes, in unequivocal terms, that the stock of any corporation organized under the laws of this state, except those not organized for pecuniary profit and those otherwise provided for in that act, "shall be assessed to the owners thereof, at the place where its principal business is transacted." The statute regulating the incorporation of private companies makes it mandatory that each shall, in its articles, designate its principal place of business; and having done so, it does not lie in the mouth of the company to say that a statutory duty required to be performed at that place is avoided because it has chosen to invest its money and exercise its principal corporate powers in another jurisdiction. There is nothing oppressive or wrong in this proposition. Investors incorporate themselves because they thereby obtain rights and privileges of value, and those rights and privileges contribute largely to the value of their shares; and if the state, in conferring these benefits, makes it a condition that those who accept and enjoy them shall, in turn, contribute to the public revenues, who is wronged? Those who incorporate do not act under compulsion, but voluntarily; and if the conditions be not to their liking, they can refrain therefrom, or find a corporate home in jurisdictions where the regulations are thought to be more favorable. The requirement of the statute, that every corporation shall, in its articles, designate its principal place of business, has reference, without any question, to a principal place of business in this state; and having been fixed, as by law required, that place becomes the place for taxation of its shares of stock. See

3. CORPORATIONS: capital, stock, and dividends: taxation of stock.

4. TAXATION: corporations: principal place of business: situs for taxation.

*Hawley v. City of Malden,* 232 U. S. 1; *Corry v. Mayor, etc., of Baltimore,* 196 U. S. 466. The shareholder, in purchasing such shares, simply buys property which is by statute made taxable in the state of its origin, and he takes it with notice of the condition, and subject to that burden. The decision in *Delaware, L. & W. R. Co. v. Pennsylvania,* 198 U. S. 341, cited by appellee, does not turn upon the question of the proper place to assess the shares, but upon the improper inclusion of certain property in estimating the value of shares. Very directly in point is the case of *Grand Forks County v. Wheat Co.,* (N. D.) 170 N. W. 863, and other cases there cited.

Assuming this to be the law, we come to the principal question, whether the facts disclosed by the record present a case justifying the tax which the trial court set aside.

5. TAXATION: corporate stock: assessed value of real estate to be deducted.  It will be noted from the statute quoted that, in estimating the assessment for taxation, the "amount of the capital actually invested" in real estate, either in this state or elsewhere, is to be deducted "from the real value of such shares." Construing this provision in the light of the following section, Code Section 1324, this court has held that the discretion as to the amount "actually invested" in real estate is to be determined by reference to the value at which such real estate has been assessed. *Valley Inv. Co. v. Board of Review,* 152 Iowa 84.

Assuming, without deciding, that this rule is applicable to lands owned by the corporation in another state, we turn to the evidence, and find that the showing as to the assessed value of the appellee's real estate holdings in Minnesota indicates the aggregate as varying from $224,711, in 1908 and 1909, to $285,741 for the year 1912.

The further provision of the statute that this deduction shall be made from the "real value" of the shares does not

appear to have been construed by this court; and, indeed, the language may, perhaps, be held too clear to admit of construction.  On this subject, the Supreme Court of the United States, speaking by Mr. Justice Brewer, has said that "the value which property bears in the market, the amount for which it can be bought and sold, is its real value; business men do not pay cash for property in moonshine or dreamland.  They buy and pay for that which is of value in its power to produce income or for purposes of sale."

Under the terms of our statute, then, the shares of a corporation are taxable only to the extent of their excess in real value over and above the amount of capital invested in real estate, as indicated by the value at which such real estate is assessed for taxation.  If there be no excess,—that is, if the real value of the shares be no more than the assessed value of the real estate,—then there is no taxable margin.  This being settled, the controversy before us is reduced to one of fact.

The assessed value of the company's real estate holdings has varied somewhat, as we have already noted, during the period under investigation; but, for the purposes of this discussion, it may be taken at its average of nearly $250,000.  The treasurer put upon the stock a taxable valuation of $100,000; and assuming, as we must, that he sought to comply with the statute, it follows that he found the real value of the capital stock to have been substantially $350,000, or $200,000 more than the value placed upon it by the only witness testifying on that subject.  On the trial of the appeal from this assessment, the district court appears to have been convinced that there was, in fact, no taxable margin in the value of the shares.  Of the two actions tried together, one,

6. APPEAL AND ERROR: review: questions of fact, verdicts, and findings: finding has effect of verdict.

at least, is at law; and if there be any substantial evidence on which the court's finding may be sustained, it has the effect of a jury verdict, and concludes this court upon the question of fact.

It is doubtless true that, in the absence of any showing to the contrary, it will be presumed that the treasurer did his duty, and the burden is upon the owner of the property to show that it was improperly or disproportionately assessed or taxed; but this goes only to the burden of proof on the trial of the issues joined, whether it be on the trial of the appeal from the treasurer's assessment, or upon trial of an action brought to recover the tax. Nor is there any conclusive presumption that, because a corporation has issued and has outstanding a stated amount of capital stock, its shares are, for the purposes of taxation, to be treated as being worth their face, or par. It is a matter of universal knowledge and observation that many shares of stock are worth no more than the paper on which they are written; while others may be worth vastly more than par. For that reason, when a case like this comes up for consideration, the court will inquire into the prices or values which the shares command in the market; and if they are not found upon the market, inquiry will be made into the resources, liabilities, and general financial condition of the corporation, as the most satisfactory method of estimating their actual value.

*7. TAXATION: corporate stock: value of real estate.*

The inquiry made in this case developed, in substance, that the entire capital of the corporation had been invested in the Minnesota real estate, and that its income from sales of land had been expended in improvements and enterprises designed to improve the value and salability of the property on hand. No dividends appear to have been declared or paid. It had no accumulated surplus, but, on the con-

trary, was at all times carrying a very substantial amount of indebtedness; and while it is true, as appellant argues, that the stockholders cannot escape taxation on their shares by setting off corporate indebtedness against their value, it is also true that the fact of such indebtedness is a material consideration, not to be overlooked by the assessor or by the court, when called upon to find the value of the shares.

This question was recently before us in *Marshalltown L. & P. Co. v. Welker*, 185 Iowa 165, where we said that:

"In arriving at the value of its capital stock, where the corporate property consists exclusively of real estate and other tangible property, the indebtedness must be taken into account in determining same."

It would be of no material interest for us to extend this opinion for a more detailed statement of the property, business, and financial condition of the plaintiff company; but we think it reasonably clear, from the entire showing, that this is one of those enterprises in which, though large profits have been hoped for, and may still be realized in the future, it has not yet so far advanced beyond the tentative and experimental stage as to justify a finding of large value in its stock. The estimate of its value at $150,000 by the only witness who attempts to speak on the subject may be too low; yet we find no substantial basis in the evidence for a finding that such value is in excess of the assessed value of the lands in which the capital has been invested.

This is equally true of the record in both of the consolidated cases. Taxes have been regularly levied and paid upon all the tangible property of the corporation, and we concur in the holding of the trial court that there was no taxable margin of value in the stock, after making the statutory deductions therefrom. This conclusion renders immaterial other matters argued by counsel.

It follows that the appeal to this court cannot be sustained, and the judgment below is—*Affirmed*.

LADD, C. J., GAYNOR and STEVENS, JJ., concur.